ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
Angela W. Woolridge
Assistant U.S. Attorney
Arizona State Bar No. 022079
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: angela.woolridge@usdoj.gov
Attorneys for Plaintiff

FILED

2018 SEP 19 PM 5: 50

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

CR18-1905TUC JAS(JR)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | I N D I C T M E N T |
|---|---|
| Plaintiff, | Violations: |
| vs. | 18 U.S.C. § 2(a)<br>(Aiding and Abetting the Commission of an Offense)<br>Count 1 |
| (1) Ramon Antonio Monreal-Rodriguez<br>Counts 1, 2; | |
| (2) Cesar Antonio Enriquez-Trejo<br>Counts 1, 2; | 18 U.S.C. § 371<br>(Conspiracy)<br>Count 2 |
| (3) Luis Alfredo Demara-Campas<br>Count 2; | 18 U.S.C. §§ 922(a)(6) and 924(a)(2)<br>(False Statements in Connection with Acquisition of Firearm)<br>Counts 1, 2 |
| Defendants. | UNDER SEAL |

**THE GRAND JURY CHARGES:**

**COUNT 1**

On or about July 31, 2018, at or near Tucson, in the District of Arizona, RAMON ANTONIO MONREAL-RODRIGUEZ and CESAR ANTONIO ENRIQUEZ-TREJO, in connection with the attempted acquisition of firearms, that is; two Colt, model Government, Super .38 Auto caliber pistols, serial numbers REE099 and REE100; from Climags, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code; did knowingly make a false and fictitious written statement to Climags, which statement was intended to deceive Climags as to a fact material to the lawfulness of such

sale of said firearms to CESAR ANTONIO ENRIQUEZ-TREJO under Chapter 44, Title 18, United States Code; in that CESAR ANTONIO ENRIQUEZ-TREJO stated that he was the actual transferee/buyer of said firearms, and RAMON ANTONIO MONREAL-RODRIGUEZ aided, abetted, counseled, commanded, induced, and procured such false and fictitious statement; in violation of Title 18, United States Code, Sections 2(a), 922(a)(6), and 924(a)(2).

## COUNT 2

From on or about July 2018 to on or about August 2018, at or near Tucson and elsewhere within the District of Arizona, the defendants, RAMON ANTONIO MONREAL-RODRIGUEZ, CESAR ANTONIO ENRIQUEZ-TREJO, and LUIS ALFREDO DEMARA-CAMPAS, did knowingly and intentionally combine, conspire, confederate, and agree together and with persons known and unknown to the grand jury, to commit offenses against the United States, that is: knowingly making false and fictitious written statements to federally licensed firearms dealers in connection with the attempted acquisition of firearms, which statements were intended to deceive the federally licensed firearms dealers as to a fact material to the lawfulness of such firearm sales under Chapter 44, Title 18, United States Code; in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

### Purpose of the Conspiracy

The purpose of this conspiracy was to unlawfully acquire firearms on behalf of other individuals by making material false statements and representations in the records required by law to be kept by federally licensed firearms dealers in order to deceive the dealers as to the lawfulness of the sale of the firearms. Specifically, with regard to the attempted purchase of each firearm, the individual completing the record represented that he was the actual transferee/buyer of the firearm and was not acquiring the firearm on behalf of another person, when in fact the individual completing the record was attempting to acquire the firearm on behalf of another defendant or co-conspirator. The firearms the defendants attempted to acquire in this manner include, but are not limited to:

- Colt, model Government, .38 caliber pistol, serial number REE099
- Colt, model Government, .38 caliber pistol, serial number REE100
- Colt, model Government, .38 caliber pistol, serial number REE293
- Colt, model Government, .38 caliber pistol, serial number MRE082

### The Means and Methods of the Conspiracy

The means and methods employed by the defendants and their co-conspirators to carry out the conspiracy and effect its unlawful objects are as follows:

It was part of the conspiracy that certain defendants would purchase firearms from federally licensed firearms dealers in the District of Arizona.

It was a further part of the conspiracy that these defendants would purchase the firearms on behalf of other defendants and/or co-conspirators.

It was a further part of the conspiracy that, in purchasing the firearms, these defendants would make false statements and representations to the federally licensed firearms dealers. Specifically, in connection with each purchase, the purchasing defendant would state that he was the actual transferee/buyer of the firearms.

It was a further part of the conspiracy that certain defendants and/or co-conspirators would provide the funds and directions to the purchasing defendant to purchase each of the firearms involved in the conspiracy.

It was a further part of the conspiracy that certain defendants and/or co-conspirators would order firearms using the internet in the name of another defendant, request that these firearms be transferred to federally licensed firearms dealers in the District of Arizona, and direct the other defendant to take possession of the firearms from the federally licensed firearms dealers. In doing so, the defendant taking possession would state that he was the actual transferee/buyer of the firearms.

It was a further part of the conspiracy that, following each firearm purchase, the purchasing defendant would immediately transfer possession of the firearms to other defendants or co-conspirators.

///

## Overt Acts

In furtherance of the conspiracy, one or more of the co-conspirators committed, or caused to be committed, the overt acts described below:

On or about July 31, 2018, Ramon Antonio Monreal-Rodriquez and Luis Alfredo Demara-Campas requested that Cesar Antonio Enriquez-Trejo purchase firearms on their behalf, and offered to pay Enriquez-Trejo $200 per firearm he acquired for them. Enriquez-Trejo agreed to purchase firearms for Monreal-Rodriguez and Demara-Campas in exchange for payment.

On July 31, 2017, in Tucson, Monreal-Rodriguez provided a large amount of cash to Enriquez-Trejo and instructed him to purchase specific firearms on his and Demara-Campas' behalf, and to provide the firearms to him and Demara-Campas immediately following the purchase. Demara-Campas was present when Monreal-Rodriguez provided the money and instructions to Enriquez-Trejo.

On July 31, 2018, Enriquez-Trejo attempted to buy two limited edition Colt .38 caliber pistols from a federally licensed firearms dealer in Tucson, as instructed by Monreal-Rodriguez and with the cash provided to him by Monreal-Rodriguez. In connection with this attempted purchase, Enriquez-Trejo completed the required paperwork in which he averred he was the actual transferee/buyer of the firearms. The federally licensed firearms dealer did not transfer the firearms to Enriquez-Trejo. Enriquez-Trejo returned the cash for the purchase of these firearms back to Monreal-Rodriguez.

On August 4, 2018, Monreal-Rodriguez attempted to purchase, from the same federally licensed firearms dealer in Tucson, one of the same limited edition Colt .38 pistols that Enriquez-Trejo had unsuccessfully attempted to purchase on July 31, 2018. In connection with this attempted purchase, Monreal-Rodriguez completed the required paperwork in which he averred he was the actual transferee/buyer of the firearm. The federally licensed firearms dealer did not transfer the firearm to Monreal-Rodriguez.

On August 7, 2018, Monreal-Rodriguez and Enriquez-Trejo obtained money orders from a convenience store in Tucson for use in purchasing firearms through the internet. Monreal-Rodriguez purchased multiple money orders with cash. Enriquez-Trejo signed his name to these money orders, and Monreal-Rodriguez took possession of the money orders.

On August 7, 2018, utilizing the internet, Monreal-Rodriguez ordered two limited edition Colt .38 pistols from federally licensed firearms dealers. Monreal-Rodriguez paid for the firearms with the money orders he and Enriquez-Trejo obtained earlier the same date. Monreal-Rodriguez provide Enriquez-Trejo's name in connection with this order. Monreal-Rodriguez requested that these firearms be transferred to federally licensed firearms dealers in Tucson, and directed Enriquez-Trejo to take possession of the firearms from the federally licensed firearms dealers, wherein Enriquez-Trejo would be required to state he was the actual transferee/buyer of the firearms, and then provide the firearms to Monreal-Rodriguez and/or Demara-Campas.

All in violation of 18 U.S.C. Section 371.

A TRUE BILL

/s/

———————————————
Presiding Juror

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

/s/

Assistant U.S. Attorney

Dated:   September 19, 2018

**REDACTED FOR PUBLIC DISCLOSURE**

*United States of America v. Ramon Antonio Monreal Rodriguez, et al*
*Indictment Page 5 of 5*