GARY M. RESTAINO
United States Attorney
District of Arizona
GORDON E. DAVENPORT, III
ANGELA W. WOOLRIDGE
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: gordon.davenportiii@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America,<br><br>    Plaintiff,<br><br>vs.<br><br>Ramon Antonio Monreal-Rodriguez<br><br>    Defendant. | CR No. 4:18-cr-02215-JAS-JR-1<br><br>CR No. 4:18-cr-01905-JAS-JR-1<br><br>PLEA AGREEMENT |

The United States of America and the defendant agree to the following disposition of these matters:

## PLEA

1. With regard to CR No. 4:18-cr-01905-JAS-JR-1, the defendant agrees to plead guilty to Count Four of the Superseding Indictment, charging a felony violation of 18 U.S.C. §§ 371 and 922(a)(6) (Conspiracy to Commit the Crime of Making False Statements in Connection with Acquisition of Firearm) and Count 5 charging a felony violation of 18 U.S.C. §§ 371, 922(d)(1), and 924(a)(2) (Conspiracy to Commit the Crime of Providing Firearms to a Convicted Felon).

With regard to CR No. 4:18-cr-02215-JAS-JR-1, the defendant agrees to plead guilty to Count One of the Superseding Indictment, charging a felony violation of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute Cocaine and Marijuana) and Count Twelve, a felony violation of 18 U.S.C. § 201(b)(2) (Bribery).

The remaining counts of both Superseding Indictments applicable to this defendant will be dismissed at the time of sentencing.

## Elements of the Offense

2. The elements of <u>Count Four</u> (4:18-cr-01905-JAS-JR-1) are as follows:

    a. The defendant agreed with at least one other person to commit the crime of Making False Statements in Connection with Acquisition of Firearm; that is:

        i. To knowingly make any false or fictitious statement to a licensed dealer of firearms;

        ii. Knowing the statement was false or fictitious at the time it was made;

        iii. In connection with the purchase of a firearm; and

        iv. Such statement having been material to the lawfulness of the sale of the firearm;

    b. The defendant became a member of the conspiracy knowing that its object was Making False Statements in Connection with Acquisition of Firearm, and intending to accomplish said object; and

    c. At least one overt act was committed by the defendant or one of his co-conspirators in furtherance of the conspiracy.

3. The elements of <u>Count Five</u> (4:18-cr-01905-JAS-JR-1) are as follows:

    a. The defendant agreed with at least one other person to commit the crime of Providing Firearms to a Convicted Felon; that is:

        i. To knowingly sell or transfer a firearm to an individual who had been previously convicted of a crime punishable by a term of imprisonment exceeding one year; and

        ii. Knowing or having reasonable cause to believe that individual to whom the firearm was sold or transferred had been previously convicted of a crime punishable by a term of imprisonment exceeding one year;

  b. The defendant became a member of the conspiracy knowing that its object was Providing Firearms to a Convicted Felon, and intending to accomplish said object; and

  c. At least one overt act was committed by the defendant or one of his co-conspirators in furtherance of the conspiracy.

4. The elements of <u>Count One</u> (4:18-cr-02215-JAS-JR-1) are as follows:

  a. The defendant agreed with at least one other person to commit the crimes of Possession with Intent to Distribute Cocaine and Marijuana, as charged in the Superseding Indictment: and

  b. The defendant became a member of the conspiracy knowing that its object was the Possession with Intent to Distribute Cocaine and Marijuana, in violation of 21 U.S.C. § 846, and intending to accomplish said object.

5. The elements of <u>Count Twelve</u> (4:18-cr-02215-JAS-JR-1) are as follows:

  a. The defendant was a public official.

  b. The defendant received or accepted something of value, in return for being induced to do or not to do an act in violation of defendant's official duty; and

  c. The defendant acted corruptly, that is, intending to be influenced to do or to omit to do an act in violation of the defendant's official duty. A public official acts "corruptly" when he or she accepts or receives, or agrees to accept or receive, a thing of value, in return for being influenced with the intent that, in exchange for the thing of value, some act would be influenced.

As a sentencing factor, the parties agree that the quantity of controlled substances the defendant agreed to possess with intent to distribute are as follows: 116 Kilograms of Cocaine and 107 Kilograms of Marijuana.

<u>Maximum Penalties</u>

3. The defendant understands that the maximum penalties for the offense to which he is pleading are:

Count Four (4:18-cr-01905-JAS-JR-1): a fine of $250,000, a term of imprisonment of five (5) years, or both, and a term of three (3) years of supervised release;

Count Five (4:18-cr-01905-JAS-JR-1): a fine of $250,000, a term of imprisonment of five (5) years, or both, and a term of three (3) years of supervised release;

Count One (4:18-cr-02215-JAS-JR-1): a fine of $10,000,000.00, a term of life imprisonment with a mandatory minimum term of ten (10) years, or both, and a term of between five (5) years and lifetime supervised release.

Count Twelve (4:18-cr-02215-JAS-JR-1): a fine of $250,000.00, a term of imprisonment up to fifteen (15) years, and a term up to (3) years supervised release. As a statutory term, a person convicted of this crime is barred from holding a position of trust with the United States.

4. The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

5. Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment of $100.00 per felony count. The special assessment is due and payable at the time the defendant enters the plea of guilty and shall be paid no later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

### Drug Conviction & Immigration Consequences

6. The defendant understands and acknowledges that pleading guilty may result in the termination or denial of certain food stamp, social security, and other benefits for defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.

7. The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty

plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that he/she has discussed this eventuality with his/her attorney. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

## STIPULATIONS, TERMS AND AGREEMENTS

### Agreements Regarding Sentencing

8. <u>Guideline Calculations</u>: Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties stipulate and agree that the following guideline calculations are appropriate for the charge for which the defendant is pleading guilty:

| | | |
|---|---|---|
| Base Offense Level | 2D1.1(c)(1) | 34 |
| Possession of a Firearm | 2D1.1(b)(1) | +2[1] |
| Abuse of Position of Trust | 3B1.3 | +2 |
| Acceptance of Responsibility | 3E1.1(a) & (b) | -3 |
| Obstructing Due Administration | 3C1.1 | +0[2] |
| Total Adjusted Offense Level: | | 35 (CH 1 – 168-210) |

9. The government and the defendant stipulate that, for purposes of entering into this plea agreement, the defendant's Base Offense Level will be calculated using the

---

[1] The parties agree that for the purposes of this plea, the US Probation Office may count the two offenses as grouping. As a negotiated condition of this, the parties agree that the two-level enhancement for possession of a firearm is applicable. Additionally, the parties agree that safety value is not applicable in this case due to presence of the firearm.

[2] As a negotiated portion of the plea, the government agrees to not seek this enhancement. This enhancement is premised upon the defendant directing his wife to erase home security footage after his arrest. The government agrees to not file separate charges arising from this effort.

- 5 -

amounts of narcotics asserted in the Superseding Indictment for 4:18-cr-02215-JAS-JR-2. The estimated Converted Drug Weight = 23,307 kg of marijuana.

10. <u>Sentencing Agreement</u>: Pursuant to U.S.S.G., § 5K3.1, and Fed. R. Crim. P., Rule 11(c)(1)(C), the government and defendant agree to a total sentence between **132 and 160 months of incarceration.**

   a. The defendant may withdraw from the plea agreement if he receives a sentence in excess **160 months** as calculated by United States Probation and as Accepted by the Court.

   b. The defendant may not move for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines.

11. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

12. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

13. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

14. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P.,

giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

## FORFEITURE

15. Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

### Restitution

16. For purposes of this plea, the defendant agrees that a victim of his crime includes the United States Border Patrol, who sustained a loss of the benefit of the defendant's honest services during the period he was part of narcotics conspiracy. The defendant specifically agrees as part of this plea agreement to make restitution to The United States Border Patrol of any salary and benefits paid to the defendant during the time of the conspiracy. This amount is the total amount the agency paid the defendant through salary and availability pay in 2017 and 2018. This amount may be modified downward by later subsequent agreement by the parties.

### Waiver of Defenses and Appeal Rights

17. Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, the determination whether defendant qualifies for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing guideline determinations. The sentence is in accordance with this agreement if the sentence imposed does not exceed **160 total months**. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the

imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

## Reinstitution of Prosecution

18. Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that were dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment

to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Plea Addendum

19. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation

of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## Factual Basis and Relevant Conduct

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offense beyond a reasonable doubt:

CR No. 4:18-cr-02215-JAS-JR-2

From at least January 8, 2018 until the time of my arrest, in the District of Arizona, I, Ramon Antonio Monreal-Rodriguez, was knowingly and intentionally involved in a conspiracy to import narcotics into the United States from the Republic of Mexico. During that same time I was employed as a United States Border Patrol Agent.

It was my role in the conspiracy to retrieve illegally imported narcotics from north of the border and then distribute it to another members of the drug conspiracy near Tucson, Arizona. I stipulate and agree that the government could prove an amount of cocaine involved in the conspiracy at or exceeding 116 kilograms of cocaine and 107 kilograms of marijuana.

It was further my role to receive the cash proceeds from the narcotics and then transport them to the United States/ Mexico border and then provide them other individuals so they could be smuggled across the border. In exchange for these tasks, I would receive cash payments. I stipulate that the total amount of bulk cash I transported to be at or exceeding 1.2 million dollars in cash. I received much less than that in payment for my efforts.

To accomplish these tasks, I would use my border patrol issued vehicle to transport narcotics and cash proceeds. I would also use my Border Patrol radio to facilitate the narcotics smuggling I was involved in and secure safe transport. I would communicate with other members of the conspiracy using drop phones and the WhatsApp application. I do not dispute that these actions violated my duty as a border patrol agent. Additionally, I admit I possessed

my service pistol on my person at the time I was picking and dropping off narcotics and drug proceeds.

CR No. 4:18-cr-01905-JAS-JR-6

Between July 2018 and August 2018, I was involved in two conspiracies with others. The first had as its object an effort to acquire firearms by means of providing material false or fictitious information to federally licences firearms dealers. A second had as its object the providing of firearms to individuals that were prohibited from possessing them due to a felony conviction.

I do not dispute that the government could prove that the firearms involved in the conspiracy were:
- Colt, model Government, .38 Super caliber pistol, serial number 055LTD
- Colt, model Government, .38 Super caliber pistol, serial number 056LTD
- Colt, model Government, .38 Super caliber pistol, serial number REE099
- Colt, model Government, .38 Super caliber pistol, serial number REE100
- Colt, model Government, .38 Super caliber pistol, serial number REE293
- Colt, model Government, .38 Super caliber pistol, serial number MRE082

I agree that on July 28, 2018, I, Ramon Antonio Monreal-Rodriquez, requested a Miguel Armando Cordova Jr, purchase a firearm on my behalf. I provided a photograph of the firearm I wanted him to purchase for me and provided an address of a federally licensed firearms dealer in Tucson, Arizona, where he was to purchase the firearm.

Later that same day, Cordova attempted to purchase a Colt .38 Super caliber pistol from the firearms dealer as instructed by me. During this attempted transaction, I received three photographs of the firearm, and I told Cordova to claim that the firearm was for himself. Cordova filled out ATF Form 4473, the firearm transfer record required by federal law to be kept in the firearms dealer records, consistent with that instruction, but the firearms dealer declined to sell the weapon.

After Cordova was unsuccessful in his attempt to purchase the Colt .38 Super caliber pistol, I contacted Anthony Armando Espinoza and asked him to purchase a firearm on my behalf. I assured him I would provide payment for the firearm. He agreed. Espinoza purchased the weapon on July 28, 2018. On the attendant paperwork (ATF Form 4473), he claimed he was the actual purchaser, even though he was buying it on my behalf.

After purchasing the weapon, Espinoza sent me a photograph of the receipt and the firearm. I directed my wife to deliver cash to Espinoza and to pay him for purchasing it.

After this transaction, also on July 28, 2018, I sent Espinoza a request to purchase two more firearms from another federally licensed firearms dealer. When Espinoza delivered the first pistol to me, I provided him cash for two more firearms.

- 11 -

On July 29, 2018, Espinoza said he could not purchase the other two firearms. On July 30, 2018, I told Espinoza to contact Luis Alfredo Demara-Campas to arrange for the return of the money.

On July 30, 2018, Demara-Campas used the money I had originally provided to Espinoza to purchase firearms on my behalf. Demara-Campas is himself a convicted felon. Demaara-Campas provided the cash to Rafael Eduardo Campas, also a convicted felon, to purchase the weapons. Campas instructed his girlfriend Vanessa Jenene Douglas to purchase the weapons on my behalf and provided money to accomplish that end. The federally licensed firearms dealer refused to sell the weapon to Douglas.

On July 31, 2018, I - along with Demara-Campas - did contact Cesar Antonio Enriquez-Trejo to purchase firearms on our behalf. We provided him a large amount of cash and instructed him to purchase specific firearms and provide them to us. Enriquez-Trejo did attempt to purchase the designated firearms, but the federally licensed firearms dealer did not transfer the weapons to him. Enriquez-Trejo eventually returned the money to me and Demara-Campas.

On August 4, 2018, I did attempt to purchase the same limited edition Colt .38 super caliber pistols that Enriquez-Trejo has attempted to purchase on July 31, 2018. I was unsuccessful.

On August 7, 2018, I obtained money orders for cash with the assistance of Enriquez-Trejo. I paid for the money orders and used Enriquez-Trejo's name to purchase them. I took custody of the money orders after they were purchased. I then used the internet to purchase two Colt .38 super caliber pistols from federally licensed firearms dealers. I paid for these firearms with the money orders and used Enriquez-Trejo's name. I then directed Enriquez-Trejo to take possession of the firearms.

7/14/22
Date

Ramon Antonio Monreal-Rodriguez, Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this

agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the _____ day of _____, 2022.

Date: 7-14-22       *[signature]*
Steve G. Ralls, Esq.
Grant Denton Wille, Esq.
Attorneys for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

Gary M. Restaino
United States Attorney
District of Arizona

Date: _____

GORDON DAVENPORT
Digitally signed by GORDON DAVENPORT
Date: 2022.06.29 10:06:07 -07'00'

Gordon E. Davenport, III
Angela W. Woolridge
Assistant U.S. Attorneys